IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

V.                              Criminal No. 13-50079-003

JACINTO FRIAS-GONZALES                                          DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 10, 2019, the Defendant/Movant Jacinto Frias-Gonzales (hereinafter "the Defendant") filed a pro se **28 U.S.C. § 2255 motion. (Doc. 237)**. The Government filed a Response on January 31, 2019 (Doc. 240) and the Defendant filed a Reply on March 4, 2019 (Doc. 243). The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b); see Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends that Defendant's § 2255 motion be **DENIED** and **DISMISSED WITH PREJUDICE AS UNTIMELY**.

### BACKGROUND

On July 31, 2013, an Indictment was filed charging the Defendant with one count of conspiracy to distribute more than 500 grams of a mixture or substance that contained methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. (Doc. 1). On October 10, 2013, the Defendant appeared before the undersigned and pleaded guilty, pursuant to a written plea agreement, to an information charging him with conspiracy to distribute methamphetamine. (Docs. 64, 67). On October 15, 2013, United States District Judge Timothy

1

L. Brooks entered an order adopting the undersigned's Report and Recommendation and accepting the Defendant's guilty plea. (Docs. 69, 72). On June 11, 2014, a judgment was entered by Judge Brooks, sentencing the Defendant to 206 months imprisonment, to run concurrently with his state court convictions; 36 months supervised release, with deportation anticipated; and a $3,000 fine. (Doc. 152). The charge in the Indictment against the Defendant was dismissed on the Government's motion at sentencing.

The Defendant appealed and the Eighth Circuit Court of Appeals entered a mandate on February 25, 2015, affirming the Defendant's conviction and sentence. (Doc. 187). On October 29, 2015, United States District Court Judge Paul K. Holmes, III, entered an order reducing the Defendant's term of imprisonment to 164 months imprisonment based on Amendment 782 to the United States Sentencing Guidelines, which reduced the drug quantity base offense levels by two levels. (Docs. 205, 206).

On January 10, 2019, almost four years after the Eighth Circuit's affirmance, Defendant filed the pro se § 2255 motion currently before the Court. Defendant asserts that his counsel was ineffective in: (1) failing to seek a downward departure "due to the time served in state[] custody out of the same criminal conduct" (Doc. 237 at pg. 9); (2) failing to challenge Defendant's criminal history calculation as "overly stated . . . because the instant offense arose out of the same conduct as [a] state conviction" (Id. at pg. 14); and (3) failing to object to the imposition of a fine based on Defendant's "allegations of poverty." (Id.)

The Government responds that Defendant's § 2255 motion is subject to dismissal as it was not timely filed. (Doc. 240). In his Reply, the Defendant argues that the statute of limitations should be equitably tolled because he did not know the status of his appeal. Defendant contends that the Eighth Circuit "did not take the liberty to inform [him] when it issued its decision on

appeal." (Doc. 243 at pg. 4). According to the Defendant, he wrote to his previously appointed counsel and the Court to inquire about the status of his appeal, but he received no response. Defendant states that he eventually contacted the Federal Public Defender for this District, and he advised him to proceed and file a § 2255 motion.

## DISCUSSION

A one-year period of limitation applies to § 2255 motions. See 28 U.S.C. § 2255(f). As relevant to the instant case, that period began to run: under § 2255(f)(1), from "the date on which the judgment of conviction [became] final." If a Defendant does not file a petition for a writ of certiorari with the United States Supreme Court, his conviction becomes final when the time for seeking such review expires. See Taylor v. United States, 792 F.3d 865, 867-68 (8th Cir. 2015). Under Supreme Court Rule 13(1) and (3), a Defendant has 90 days from the date of the denial of a petition for rehearing in which to file a certiorari petition. As will be further detailed below, the Defendant filed a pro se petition for rehearing with the Eighth Circuit, and that petition was denied on February 18, 2015. Accordingly, the limitation period began to run 90 days thereafter, on May 19, 2015, and expired one year thereafter, on May 19, 2016. See id. (citing Clay v. United States, 537 U.S. 522, 532 (2003) and Sup. Ct. R. 13(1), (3)). The Defendant did not file his § 2255 motion until January 10, 2019, over two and a half years past the expiration of the limitations period.

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but only where the movant can establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Deroo, 709 F.3d at 1246. Equitable tolling is an "exceedingly narrow window of relief." Id.

Defendant asserts that the statute of limitations should be equitably tolled because he did not know the status of his appeal. This assertion is contradicted by a review of the Eighth Circuit

3

docket sheet (Attach. A) and the documents filed on appeal. The Defendant clearly knew that the Eighth Circuit had issued a decision affirming his conviction and sentence on January 8, 2015, as the Defendant filed a pro se Petition for En Banc Rehearing on January 14, 2015. (Attach. B.) In this Petition, the Defendant actually stated, "Judgment was [e]ntered in this particular case on January 8, 2015, by the United States Court of Appeals for the Eighth Circuit." (Attach. B at pg. 1.) An order was entered on February 18, 2015, denying the petition for rehearing. (Attach. C.) As the Defendant received a copy of the affirmance, there is no reason to doubt that he also received a copy of the order denying rehearing. Even if the Defendant did not receive a copy of the order denying rehearing, he had a duty to pursue his rights diligently. The Eighth Circuit docket sheet reflects that the Defendant did not inquire with the Eighth Circuit until August 1, 2016, nearly a year and a half after the petition for rehearing was denied. In the August 1st letter, the Defendant requested a copy of his docket sheet. (Attach. D.) Contrary to Defendant's assertions, the Eighth Circuit did respond to him. The docket text reflects that the Eighth Circuit mailed the Defendant a copy of his docket sheet on August 8, 2016. (Attach. A at pg. 5.) Thus, it is beyond dispute that the Defendant knew of the status of his appeal absolutely no later than August 2016. Defendant cannot be said to have pursued his rights diligently when he waited until January 10, 2019, nearly two and a half years, to file his § 2255 motion. Accordingly, there is no basis for equitable tolling of the limitations period.

## CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's **§ 2255 motion (Docs. 163)** be **DENIED AND DISMISSED WITH PREJUDICE** as untimely.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of December, 2019.

/s/ Erin L. Wiedemann
HON. ERIN L. WIEDEMANN
CHIEF UNITED STATES MAGISTRATE JUDGE