IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**V.**     **CASE NO. 5:13-CR-50079-003**

**JACINTO FRIAS-GONZALES**     **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is Defendant Jacinto Frias-Gonzales's Motion for Compassionate Release (Doc. 272) and the Government's Response (Doc. 274). The Court has reviewed these filings, and the pending Motion (Doc. 272) is **DENIED**.

## I. BACKGROUND

Mr. Frias-Gonzales pleaded guilty to one count of conspiracy to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 152). The Court sentenced him to 206 months imprisonment with a 3-year period of supervised release and $3,100 fine. (Doc. 152). His sentence was reduced to 164 months. (Docs. 203, 204). Mr. Frias-Gonzales is currently incarcerated at C.I. Giles W. Dalby with a projected release date of January 19, 2026. *See* Fed. Bureau of Prisons, Inmates, http://www.bop.gov/inmateloc/ (last accessed October 12, 2021). He has served approximately 87 months of his sentence and now moves for compassionate release under 18 U.S.C. § 3582(c)(1). (Doc. 274, p. 3). Mr. Frias-Gonzales is 40 years old and has no documented medical conditions. *See* Doc. 276.

## II. LEGAL STANDARD

Under the First Step Act of 2018 ("FSA"), inmates are permitted to seek sentence reductions directly from the sentencing court "after the defendant has fully exhausted all

1

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once the threshold requirement is satisfied, the Court may grant the defendant a sentence reduction if, "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, [the Court] finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines ("U.S.S.G.") explain what constitutes "extraordinary and compelling" reasons under § 3582(c)(1)(A)(i). A defendant's family circumstances may be taken into account if those reasons concern either (1) the death or incapacitation of the caregiver of the defendant's minor child(ren), or (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver. U.S.S.G. § 1B1.13, Application Note 1(C)(i)–(ii). Further, the Court may consider any other reason presented by the defendant's case not covered or specified in the Application Notes. U.S.S.G. § 1B1.13, Application Note 1(D). Although the Sentencing Commission has neither updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

## III. DISCUSSION

### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Frias-Gonzales's Motion is dependent on whether: (1) he fully exhausted his administrative right to appeal the BOP's failure to bring a motion for his early release, or (2) 30 days have elapsed since the warden received his request for early release, whichever occurs first. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Frias-Gonzales submits proof he filed a request for compassionate release with the Prison Warden on or about May 24, 2021. (Doc. 272, pp. 36–42). The Government concedes that he has exhausted his administrative remedies, and clearly more than 30 days have elapsed since he petitioned his Warden for release. Therefore, the Court finds that Mr. Frias-Gonzales has satisfied the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Extraordinary and Compelling Circumstances

Mr. Frias-Gonzales's Motion for Compassionate Release relies on his desire to assist his partner Elizabeth Alvarado in caring for her special-needs child[1] as well as concern for his own wellbeing due to hypertension and the risk of reinfection with COVID-19.

#### a. Childcare

Mr. Frias-Gonzales credits the child's mother for the "magnificent manner in which she manages and sacrifices her personal life and time" for the child but acknowledges that she struggles as well. (Doc. 272, p. 3). However, the only way Mr. Frias-Gonzales could be released to help would be if Ms. Alvarado either passed away or was

---

[1] Mr. Frias-Gonzales states that he and Ms. Alvarado have been in a relationship since 2011 even though there is no documentation of this relationship in his PSR. See Doc. 129. The Court assumes their relationship exists for the purposes of deciding the Motion.

incapacitated. See U.S.S.G. § 1B1.13, Application Note 1(C)(i). Neither circumstance has occurred. Furthermore, if Mr. Frias-Gonzales were to be released, Ms. Alvarado would be caring for both him and the child until Mr. Frias-Gonzales would be ready to re-enter society. (Doc. 272, pp. 21-22).

### b. Medical Conditions

Mr. Frias-Gonzales claims he has "hypertension and other respiratory medical conditions" that support his Motion for Compassionate Release. (Doc. 272, pp. 1–2). At the time of sentencing, however, Mr. Frias-Gonzales's initial Pre-Sentencing Report ("PSR") noted that he did not have "any major physical health problems." (Doc. 129, ¶ 81). While it appears he does have a hypertension risk factor, the BOP is monitoring this condition. (Doc. 276, p. 29).

In regard to COVID, Mr. Frias-Gonzales claims he already contracted COVID-19 while in the BOP, (Doc. 272, pp. 1–2), but there is no documentation of such diagnosis in his medical records, see Doc. 276. The Eastern District of Arkansas has previously found that "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person" is not an extraordinary and compelling reason to justify release. *United States v. Caffey*, 2020 WL 3451680, at \*1 (E.D. Ark. June 24, 2020); see also *United States v. Osborne*, 2020 WL 3258609, at \*2 (E.D. Ark. June 16, 2020). Mr. Frias-Gonzales received both doses of the COVID-19 vaccine produced by Moderna. (Doc. 276, p. 1). According to the Centers for Disease Control and Prevention ("CDC"), the suite of COVID-19 vaccines protect people from severe illness and reduce the likelihood of hospitalization and death. See CDC, The Possibility of COVID-19 After Vaccination: Breakthrough Infections, https://www.cdc.gov/coronavirus/2019-

4

ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last accessed October 19, 2021). Furthermore, the Moderna-produced vaccine is 94.1% effective at preventing COVID-19 infections in people that received both doses. *See* CDC, Moderna COVID-19 Vaccine Overview and Safety, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last accessed October 19, 2019). The vaccine minimizes Mr. Frias-Gonzales's risk of contracting the virus again, and the potential for serious illness is negligible. Because Mr. Frias-Gonzales has not demonstrated any extraordinary and compelling reasons for early release, the Court will not address the Section 3553(a) factors.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Jacinto Frias-Gonzales's Motion for Compassionate Release (Doc. 272) is **DENIED**.

**IT IS SO ORDERED** on this 21st day of October, 2021.

                                           TIMOTHY L. BROOKS
                                           UNITED STATES DISTRICT JUDGE